## CHALMERS *v.* ANDOVER.

Where the selectmen have authority to cause highways to be repaired, they may limit the amount of money to be expended, and the town will not be liable beyond the sum so limited.

ASSUMPSIT, for services and labor in making repairs on a highway in Andover in 1880. Facts found by the court. The plaintiff in 1880 was highway surveyor in district No. 15 in Andover. The tax list committed to him was all worked out in June, except about $2.25. In September, a road in the district being out of repair, the selectmen directed the plaintiff to make repairs thereon, but not to exceed $15 in expense. The plaintiff repaired the road, incurring expense therein to the amount of $30, to recover which this suit is brought. Before the commencement of the suit the selectmen tendered the plaintiff $15, which he refused to accept, and they deposited the same with the treasurer of the town, subject to the plaintiff's order. At this time there were in the hands of other surveyors in the town unexpended highway taxes amounting to more than $50.

*G. R. Stone*, for the plaintiff.

*Shirley & Stone*, for the defendant.

CARPENTER, J.   The selectmen have no authority to repair highways at the expense of the town unless the highway taxes are insufficient for that purpose. G. L , c. 72, s. 15 ; *Wells* v. *Goffstown*, 16 N. H. 53. Whether such taxes can in any case be deemed insufficient within the meaning of the statute, so long as any portion of the moneys raised by the town for the repair of highways remains unexpended, we need not now consider. Authority to repair necessarily includes authority to determine the extent of the repairs required and the amount to be expended therein. Assuming that the selectmen were authorized to repair the highway in question at the expense of the town, the plaintiff was limited to the expenditure of fifteen dollars ; he had no authority to lay out more than that sum on the credit of the town. That amount was tendered to him before suit, and the exceptions must be overruled.

*Exceptions overruled.*

ALLEN, J., did not sit : the others concurred.